While I concur with the result in this case, I have arrived at this conclusion by a somewhat different route than the majority. Therefore, I write separately to explain my analysis.
In my view, appellee was negligent as a matter of law in dismissing the second case before the court ruled on her request for leave to reopen discovery to obtain new expert reports. If the court had granted that motion, then counsel would not have had to incur the risk of dismissing and refiling. If and only if the motion to reopen discovery were denied would a strategic decision whether to dismiss or to proceed to trial on the existing evidence have been appropriate.
The court's failure to rule on the motion to reopen discovery at the same time as it ruled on the motion to continue the trial cannot be considered an implicit denial under the circumstances of this case; failure to rule is an implicit denial only after a final judgment is entered. Counsel did not give the court an opportunity to rule on the motion.
Appellee Starr's understanding that the court intended to deny the motion to reopen discovery was an inadequate basis for incurring the known risk that her client would lose her entire cause of action. The court speaks only through its journal; comments in pretrial about the court's intentions are not binding rulings. Given the potential consequences if counsel's gamble were incorrect, it was incumbent on counsel not to incur that risk unless absolutely necessary.
Even if counsel had waited, though, there was no guarantee that the court would have granted the motion to reopen discovery. Based on counsel's pretrial discussions with the court in the malpractice action, the jury here could have concluded that the court would have denied the request for additional discovery. There was also evidence from which the jury could have concluded that the client would have lost had she proceeded to trial on the evidence collected by prior counsel. Based upon these findings, the jury could have found the decision to dismiss before a court ruling on the motion to reopen discovery was not a proximate cause of appellant's loss; she would have lost at trial even if her new counsel had not dismissed her case before the court ruled. For this reason, the jury verdict was not contrary to law or against the manifest weight of the evidence.
Therefore, I agree that the trial court did not abuse its discretion by denying appellant's motion for a new trial.